UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JOHN KOKOLIOS, | No. 2:20-cv-0933-EFB P |
| Petitioner, | |
| v. | ORDER |
| RALPH DIAZ, | |
| Respondent. | |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed a petition to proceed in forma pauperis. ECF No. 2.

### Application to Proceed in Forma Pauperis

The court has reviewed petitioner's application (and separate prison trust fund account (ECF No. 4)) and determined that it makes the proper showing. Accordingly, petitioner's request for leave to proceed in forma pauperis is granted.

### Screening

I. Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4, Rules Governing Section 2254 Cases.

1

II.     <u>Analysis</u>

Petitioner does not challenge the legality of his underlying conviction. Instead, he argues that exigent circumstances – namely the current national outbreak of the corona virus (COVID-19) – renders his continued incarceration so dangerous that it violates his constitutional rights. ECF No. 1 at 3-4.

As an initial matter, it is unclear whether this claim may proceed in a federal habeas petition. Some courts have determined that, insofar as it implicates the conditions of confinement rather than the legality of the underlying conviction, a section 1983 suit is the more appropriate vehicle. *See*, *e.g.*, *Phea v. Pfeiffer*, No. 2:20-cv-00283 WBS GGH P, 2020 U.S. Dist. LEXIS 67150, *3 (E.D. Cal. Apr. 16, 2020) ("Although petitioner's request argues the current prison conditions expose him to a higher risk of harm due to potential exposure to COVID-19, petitioner's request relates to the conditions of petitioner's confinement and accordingly is more appropriately brought pursuant to 42 U.S.C. § 1983."); *Drakos v. Gonzalez*, NO. H-20-1505, 2020 U.S. Dist. LEXIS 76900, *2 (S.D. Tex. May 1, 2020) ("Drakos does not challenge the fact or duration of his confinement. While he requests injunctive relief ordering his release, his attack is on the conditions of his confinement, not on the fact that he was ordered detained before trial . . . . Therefore, the relief Drakos seeks is not available in habeas corpus."). Other courts have determined that the question is less straightforward, however. *See*, *e.g.*, *Money v. Pritzker*, Nos. 20-cv-2093 & 20-cv-2094, 2020 U.S. Dist. LEXIS 63599, *26 (N.D. Ill. Apr. 10, 2020) (Discussing a similar COVID-19 related claim and finding that "[t]he upshot of the foregoing analysis is that it is abundantly clear that Plaintiffs may proceed on their claims under Section 1983 and at least plausible—though far less certain—that they also have a right to seek habeas relief as well."). This is obviously a novel issue and, to this court's knowledge, the U.S. Court of Appeals for the Ninth Circuit has not spoken definitively to the particulars at hand. Accordingly, the court will not, on screening, dismiss the petition on this basis.

Nevertheless, the petition is not suitable to proceed in its current state. Petitioner has failed to plead sufficient facts which support his contention that the California Department of Corrections and Rehabilitation and California Medical Facility are "unfit to now handle the prison

population pandemic . . . ." ECF No. 1 at 4.  He provides no allegations, for instance, detailing the inadequacies of his current conditions of confinement or how prison officials are otherwise failing to safeguard his health from the COVID-19 virus.  Generalized fears or mere speculation about the impact of the virus are insufficient to state a cognizable habeas claim (assuming such a claim is, in fact, viable).  *See*, *e.g.*, *United States v. Eberhart*, 2020 U.S. Dist. LEXIS 51909, 2020 WL 1450745 at *2 (N.D. Cal. 2020) (finding that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons" within the meaning of U.S.S.G. §1B1.13.").

Accordingly, the petition is dismissed with leave to amend within thirty days.

### Conclusion

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. The petition (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

3. Failure to comply with this order may result in the dismissal of this action.

DATED:  May 15, 2020.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE