UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JOHN KOKOLIOS,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>Respondent. | No. 2:20-cv-0933-KJM-EFB P<br><br><br><br>ORDER |

Petitioner, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his initial petition, he argued that habeas relief was warranted because the California Department of Corrections and Rehabilitation ("CDCR") was not taking adequate steps to protect him from Coronavirus infection. ECF No. 1. In its initial screening order, the court determined that such concerns might state a cognizable habeas claim, but that petitioner had failed to plead his claims with sufficient specificity. ECF No. 5. It noted that petitioner had not explained how CDCR's response to pandemic conditions were insufficient, or how his own health was specifically at risk. *Id.* The court dismissed the petition with leave to amend in order to allow petitioner to remedy these deficiencies. *Id.*

Now, petitioner has filed a one-page motion for reconsideration, wherein he offers two arguments. ECF No. 8. First, he contends that counsel should be appointed to represent him because he has numerous, unspecified "ADA disabilities." *Id.* at 1. But there is not, as petitioner

argues, any constitutional entitlement to counsel in non-capital federal habeas proceedings. *See, e.g., Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993) (noting that "the protections of the Sixth Amendment right to counsel do not extend to either state collateral proceedings or federal habeas corpus proceedings."). And, at this point, petitioner appears capable of articulating his claims on his own. His initial petition was deficient only for want of specificity, not for lack of intelligibility.

Second, petitioner contends that the undersigned's screening order cannot stand because he has declined to consent to magistrate judge jurisdiction. ECF No. 8 at 1. Petitioner misunderstands the procedural import of his decision to decline magistrate judge jurisdiction. His decision entitles him to have all dispositive matters in the case resolved by the assigned district judge. *See Gilmore v. Lockard*, 936 F.3d 857, 862 (9th Cir. 2019). It does not, as he seems to believe, entitle him to have all non-dispositive matters handled by the district judge. Here, the court's screening order was non-dispositive insofar as it dismissed his petition with leave to amend. *See McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) ("While the magistrate *can dismiss complaints with leave to amend*, the district court necessarily must review that decision before dismissing the entire action.") (emphasis added).

Thus, petitioner's motion for reconsideration (ECF No. 8) is DENIED.

DATED: July 6, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE